IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03140-REB-KLM

DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS,

    Plaintiff,

v.

GARY W. MCKEE,
SHARON L. MCKEE, and
ANY AND ALL OCCUPANTS CLAIMING AN INTEREST UNDER THE DEFENDANT,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to the **Order to Show Cause** [Docket No. 5] issued on December 7, 2011. The Court ordered Defendants to show cause "as to why the Court should not recommend that this matter be remanded for lack of subject matter jurisdiction." *Order to Show Cause* [#5] at 2. The Court further instructed Defendants that they could "meet the demands of this Order to Show Cause by filing the documents required by 28 U.S.C. § 1446(a), including the Complaint from the underlying state court action." *Id.* The Court warned that, "Failure to do so will result in this Court issuing a recommendation to remand Plaintiff's action to state court." *Id.* Defendants' deadline for compliance with the Order to Show Cause was December 22, 2011. To date, Defendants have neither filed a response nor informally contacted the Court in any manner.

    As stated in the Order to Show Cause:

In the Notice of Removal, Defendants, proceeding *pro se,* state, "A true and correct copy of the summons, 'verified' complaint in Forcible Entry and Detainer, exhibits and court notification is attached hereto as Exhibit 1." [#1] at 2. However, a Complaint was not attached to the Notice of Removal as any exhibit. As such, Defendants are in violation of 28 U.S.C. § 1446(a), which states that defendants removing an action must file with the notice of removal "a copy of all process, pleadings and orders served upon such . . . defendants in such action."

Further, "it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." *Shaw v. AAA Engineering & Drafting Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005) (citing *State Farm Mut. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Defendants cite to 28 U.S.C. §§ 1331, 1332, and 1367 as the jurisdictional bases for the removal. *Notice of Removal* [#1] at 2, 5-6. Section 1331 establishes federal question jurisdiction, Section 1332 governs diversity jurisdiction, and Section 1367 conveys discretionary supplemental jurisdiction over claims related to those brought pursuant to Sections 1331 or 1332. However, without a Complaint, the Court cannot satisfy itself that it has subject matter jurisdiction over this case on any basis.

Defendants have failed to provide sufficient information to demonstrate that this Court has subject matter jurisdiction over this matter. Defendants were warned in advance that the penalty for failing to file the necessary documents would result in a recommendation that their case be remanded to state court. *See* 28 U.S.C. § 1447(c) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#5] is made **ABSOLUTE**.

The Court respectfully **RECOMMENDS** that this matter be **REMANDED** to state court, pursuant to 28 U.S.C. § 1447.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 11, 2012

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge