**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  11-cv-03140-REB-KLM

DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS,

      Plaintiff,

v.

GARY W. McKEE, and
SHARON L. McKEE, and any and all occupants claiming an interest under the
defendant.

      Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE &
REMANDING CASE TO STATE COURT**

---

**Blackburn, J.**

This matter is before me on the **Order and Recommendation of United States
Magistrate Judge** [#7][1] filed January 11, 2012.  I approve and adopt the
recommendation of the magistrate judge, and order that this case be remanded to state
court.

Neither the plaintiff nor any of the defendants have filed objections to the
recommendation. Absent timely filed objections, I review the recommendation only for
plain error.  *See Morales-Fernandez v. Immigration & Naturalization Service*, 418
F.3d 1116, 1122 (10th Cir. 2005).[2]  I have considered carefully the recommendation, the

---

[1]  "[#7]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

[2]  This standard pertains even though plaintiff is proceeding *pro* se in this matter.  *Morales-
Fernandez*, 418 F.3d at 1122.

record in this case, and the applicable law.

The defendants are proceeding *pro se.* Therefore, I have construed their pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the defendants.

This case was initiated in this court when the *pro se* defendants filed a **Notice of Removal** [#1], filed December 2, 2011. In their **Notice of Removal**, the defendants represent that this case originated in state court when the plaintiff filed a "Verified Complaint in Forcible Entry and Detainer." *Notice of Removal* [#1] filed December 2, 2011.

On December 7, 2011, the United States Magistrate Judge assigned to this case issued an **Order To Show Cause** [#5] to the defendants. In the **Order To Show Cause**, the magistrate judge noted that 28 U.S.C. § 1446(a), requires a removing defendant to file, with the notice of removal, "a copy of all process, pleadings and orders served upon such . . . defendants in such action." The magistrate judge noted that a complaint was not attached to the Notice of Removal filed by the defendants. Ultimately, the magistrate judge concluded that without a complaint the court cannot satisfy itself that it has subject matter jurisdiction over this case on any basis. The magistrate judge ordered the defendants to show cause by December 22, 2011, why the magistrate judge should not recommend that this case be remanded to state court. The magistrate judge stated that the defendants "may meet the demands of this Order to Show Cause

by filing the documents required by 28 U.S.C. § 1446(a), including the Complaint from the underlying state court action." *Order To Show Cause* [#5] at 2.

The defendants did not file a response to the **Order To Show Cause**.  On January 11, 2012, the magistrate judge issued a recommendation [#7] in which she recommends that this court order that this case be remanded to state court.

On January 24, 2012, the defendants filed an un-captioned three sentence document [#8], which states:

> I'm requesting more time to acquire all documents required in my case to respond to the order to show cause.  I hope you will grant me the additional time.  I will have all documents and information to file in the very near future.

This document was docketed as a motion for extension of time.  The defendants' motion [#8] was filed more than a month after the deadline for a response to the **Order To Show Cause** [#5].

A party who requests the extension of a specific deadline after the deadline has expired may be granted such an extension only if that party shows both good cause for the extension and that their failure to comply with the deadline was the result of excusable neglect.  FED. R. CIV. P. 6(b)(1)(B).  The defendants' recent filing [#8] does not demonstrate good cause or excusable neglect.  The documents in question are documents filed in a lawsuit in which the defendants are parties.  In their recent filing [#8], the defendants give no indication that there is any legitimate reason for their failure to provide copies of those documents to this court.

In the **Order To Show Cause** [#5], the magistrate judge highlighted the following important points:

> "[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of

the proceeding." ***Shaw v. AAA Engineering & Drafting Inc.***, 138 F. App'x 62, 67 (10th Cir. 2005) (citing ***State Farm Mut. Ins. Co. v. Narvaez***, 149 F.3d 1269, 1270-71 (10th Cir. 1998)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Defendants cite to 28 U.S.C. §§ 1331, 1332, and 1367 as the jurisdictional bases for the removal. *Notice of Removal* [#1] at 2, 5-6. Section 1331 establishes federal question jurisdiction, Section 1332 governs diversity jurisdiction, and Section 1367 conveys discretionary supplemental jurisdiction over claims related to those brought pursuant to Sections 1331 or 1332. However, without a Complaint, the Court cannot satisfy itself that it has subject matter jurisdiction over this case on any basis.

*Order To Show Cause* [#5] 1-2. The magistrate judge reiterated these points in her recommendation, concluding that the defendants "have failed to provide sufficient information to demonstrate that this Court has subject matter jurisdiction over this matter." *Recommendation* [#7] at 2. I agree.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order and Recommendation of United States Magistrate Judge** [#7] filed January 11, 2012, is **APPROVED** and **ADOPTED** as an order of this court to the extent the magistrate judge recommends that this case be remanded to state court;

2. That this case is **REMANDED** to the County Court of Jefferson County, Colorado, Case Number 11-C-56406; and

3. That read as a motion for extension of time, the defendants' un-captioned three sentence document [#8] filed January 24, 2012, is **DENIED**.

Dated February 6, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

4